NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OLUKAYODE O.,** | Civil Action No. 18-8725 (JLL) |
| Petitioner, | |
| v. | OPINION |
| **ORLANDO RODRIGUEZ,** | |
| Respondents. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Olukayode O. (ECF No. 1). Following an order to answer, the Government has filed a response to the habeas petition, (ECF No. 8), to which Petitioner has replied, (ECF Nos. 13–14). For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Nigeria who entered the United States on a non-immigrant visa in October 2010. (ECF No. 8-2 at 3). Although Petitioner was authorized to remain in the United States only until April 2011, he did not leave when that authorization expired. (ECF No. 8-2 at 3). During this period of overstay, in July 2011, Petitioner was arrested on wire fraud charges. (ECF No. 8-2 at 3). These charges resulted in Petitioner's February 27, 2014, conviction for conspiracy to commit wire fraud and conspiracy to possess with intent to use unlawfully five or more false ID documents in the Eastern District of New York. (ECF No. 8-2 at 3). While Petitioner's appeal of that conviction was pending, and thus while his conviction was not yet final

1

for immigration purposes, *see Orabi v. Att'y Gen.*, 738 F.3d 535, 542 (3d Cir. 2014) (conviction not final for immigration purposes until direct appeal concluded), Petitioner was taken into immigration custody on March 14, 2014, and placed into removal proceedings based on his overstaying his visa. (ECF No. 8-2 at 3).

On May 7, 2014, Petitioner appeared before an immigration judge for a bond hearing. (ECF No. 8-8 at 3). At that hearing, the immigration judge determined that Petitioner was held pursuant to 8 U.S.C. § 1226(a), and granted Petitioner bond in the amount of $50,000. (ECF No. 8-8 at 3). Apparently unable to pay that bond, Petitioner sought a bond redetermination, and the immigration judge lowered his bond to $22,500 in August 2014. (ECF No. 8-8 at 3). Petitioner appealed, and the Board of Immigration Appeals affirmed that bond amount. (ECF No. 8-8 at 3).

As he was still unable to pay this bond amount, and because he otherwise believed he was then in custody based solely on his conviction, which was still on direct appeal at the time, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his § 1226(a) detention in December 2014. (Docket No. 14-7951, ECF No. 1). On March 31, 2015, in lieu of a response to that petition, the Government filed with this Court a joint stipulation of dismissal in which the Government and Petitioner agreed to lower Petitioner's bond amount to an amount he could afford, and in exchange Petitioner agreed to the dismissal of his habeas petition as moot. (Docket No. 14-7951, ECF No. 7). This Court granted that joint request for a dismissal that same day. (Docket No. 14-7951, ECF No. 8). On April 7, 2015, Petitioner appeared for a new bond hearing, during which the Government, pursuant to the joint stipulation, agreed to a lower bond amount of $2,000. (ECF No. 8-8 at 4). Petitioner paid that amount and was released on bond. (ECF No. 8-8 at 4). Petitioner remained on bond thereafter until April 2018.

While Petitioner was released on bond, his direct appeal of his conviction proceeded. On November 19, 2015, however, the Second Circuit affirmed Petitioner's conviction. *United States v. Ojo*, 630 F. App'x 83 (2d Cir. 2015). Petitioner thereafter sought review from the Supreme Court, but his petition for certiorari was denied on March 21, 2016. *Ojo v. United States*, 136 S. Ct. 1473 (2016). Petitioner's fraud conviction therefore became final for immigration purposes in March 2016.

Petitioner's immigration proceedings continued. On April 12, 2018, following a hearing in Petitioner's case, the Government amended its charges of removability against Petitioner to include several charges based on his now final fraud convictions. (ECF No. 8-2 at 4). Based on that same final conviction, Petitioner was once again taken into immigration detention that same date, albeit this time pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). (ECF No. 8-2 at 4). Petitioner thereafter appeared for another custody hearing in June 2018, which resulted in bond being denied as an immigration judge determined that Petitioner was subject to mandatory detention pursuant to § 1226(c). (ECF No. 8-19). Petitioner has remained detained since that time, and his removal proceedings are ongoing.

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III. ANALYSIS

### A. Stipulation of Dismissal

In his first argument, Petitioner contends that his being taken into custody pursuant to 8 U.S.C. § 1226(c) in April 2018 amounts to a violation of the joint stipulation of dismissal entered in his previous immigration habeas matter in March 2015. Petitioner argues that this is equivalent to a breach of a plea agreement or other formal contract between himself and the Government. While Petitioner makes much of the joint stipulation of dismissal, the Court notes that, insomuch as it did settle his previous habeas petition, no part of that stipulation prevented the Government from taking Petitioner back into custody in the event of a change of circumstances. Indeed, the terms of the stipulation stated only that the Government would agree to a lower bond amount under § 1226(a), and that the parties agreed that Petitioner's December 2014 habeas petition was moot in light of the reduced bond and Petitioner's pending release from detention. Thus, that the Government took Petitioner back into custody as a factual matter does not directly contradict or breach the joint stipulation of dismissal entered in March 2015.

More to the point, Petitioner was not taken back into immigration detention without cause. Instead, he was taken into custody because he was newly charged with being removable based on an aggravated felony conviction, which brought him within the ambit of § 1226(c). Although § 1226(a) permits the release of aliens on bond pending the conclusion of removal proceedings, § 1226(c) mandates that the Government take into custody an alien who is removable based on his

having a qualifying conviction, including convictions for aggravated felonies. 8 U.S.C. § 1226(c)(1)(B). The Third Circuit has held that wire fraud, the crime of which Petitioner was convicted of conspiring to commit, "clearly involves fraud or deceit" and thus "qualifies as an aggravated felony if the loss to the victim or victims exceeds $10,000." *Doe v. Att'y Gen.*, 659 F.3d 266, 274–75 (3d Cir. 2011) (internal quotations omitted). As Petitioner has a final conviction for conspiracy to commit wire fraud that included a loss amount of over $80,000, *see Ojo*, 630 F. App'x at 86 ("the evidence [at Petitioner's trial] established a loss of approximately $80,000"), he has a qualifying aggravated felony and was thus subject to detention pursuant to § 1226(c). The Government was thus not only authorized to take him back into custody, but was indeed *required* to take him into custody once his fraud conviction became final for immigration purposes with the conclusion of his direct appeal. 8 U.S.C. § 1226(c).

Although the Government should have taken Petitioner back into custody pursuant to § 1226(c) upon his conviction becoming final in 2016, rather than waiting two years to charge Petitioner with removability based on his aggravated felony and take him back into custody, that the Government delayed did not deprive it of the authority to place Petitioner into mandatory detention. *See Sylvain v. Att'y Gen.*, 714 F.3d 150, 157–60 (3d Cir. 2013). Petitioner was thus clearly subject to detention pursuant to § 1226(c), and his being taken into mandatory detention did not violate or breach the limited stipulation of dismissal entered in his prior immigration habeas proceeding.

**B. Entitlement to Relief from Detention**

Petitioner also argues at length that his current period of detention violates his rights to Due Process because his detention has become overlong. Because Petitioner is now being held

based on his having committed a qualifying aggravated felony and has not yet received a final order of removal, he is currently detained pursuant to 8 U.S.C. § 1226(c). As the Supreme Court has held that § 1226(c) authorizes and indeed mandates detention throughout a petitioner's removal proceedings so long as he is not placed into witness protection, *see Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018), and as the Supreme Court has also found the statute facially constitutional, *see Demore v. Kim*, 538 U.S. 510, 525–31 (2003), Petitioner would only be entitled to relief from his ongoing immigration detention if he were to show that the application of the statute to him is unconstitutional under the current circumstances. *See, e.g., Dryden v. Green*, 321 F. Supp. 3d 496, 500–02 (D.N.J. 2018)

Although *Jennings* abrogated the constitutional-avoidance based limitations on § 1226(c) detention established in the Third Circuit's rulings in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015), "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018); *see also Dryden*, 321 F. Supp. 3d at 502. In the aftermath of *Jennings*, it remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474–75; *see also Diop*, 656 F.3d at 232, 234. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process

Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. That said, regardless of the length of detention, "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute." *Chavez-Alvarez*, 783 F.3d at 476.

Based on this constitutional framework, following *Jennings*, courts in this district have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *See, e.g., Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018) (same); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over 13 months not unconstitutional). Significantly longer periods of detention, however, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *Thomas C.A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (detention of fifteen months in the absence of bad faith sufficient to warrant a bond hearing under the circumstances). In this case, Petitioner has been subject to mandatory detention for only seven months. Prior to that time, Petitioner had been free from immigration detention on bond for over three years. Given the relatively brief period of detention Petitioner has faced thus far, this Court finds that his detention pursuant to § 1226(c) has not yet become so prolonged that it amounts to an arbitrary application of the statute. *See Dryden*, 321 F. Supp. 3d at 502–03. Petitioner's detention thus remains constitutionally permissible and his habeas petition is denied without prejudice.

## IV. **CONCLUSION**

For the reasons expressed above, this Court will deny Petitioner's habeas petition without prejudice. An appropriate order follows.

_____
HON. JOSE L. LINARES,
Chief Judge, United States District Court