UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUKAYODE O., | Civil Action No. 18-8725 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ORLANDO RODRIGUEZ, | |
| Respondents. | |

**LINARES**, Chief District Judge:

Presently before the Court is the motion seeking reconsideration of the Court's denial of Petitioner Olukayode O.'s habeas petition brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 19). For the following reasons, Petitioner's motion is denied.

## I. BACKGROUND

In this Court's prior opinion denying Petitioner's habeas petition, this Court summarized the background of this matter as follows:

> Petitioner is a native and citizen of Nigeria who entered the United States on a non-immigrant visa in October 2010. (ECF No. 8-2 at 3). Although Petitioner was authorized to remain in the United States only until April 2011, he did not leave when that authorization expired. (ECF No. 8-2 at 3). During this period of overstay, in July 2011, Petitioner was arrested on wire fraud charges. (ECF No. 8-2 at 3). These charges resulted in Petitioner's February 27, 2014, conviction for conspiracy to commit wire fraud and conspiracy to possess with intent to use unlawfully five or more false ID documents in the Eastern District of New York. (ECF No. 8-2 at 3). While Petitioner's appeal of that conviction was pending, and thus while his conviction was not yet final for immigration purposes, *see Orabi v. Att'y Gen.*, 738 F.3d 535, 542 (3d Cir. 2014) (conviction not final for immigration purposes until direct appeal concluded), Petitioner was taken into immigration custody on

1

March 14, 2014, and placed into removal proceedings based on his overstaying his visa. (ECF No. 8-2 at 3).

On May 7, 2014, Petitioner appeared before an immigration judge for a bond hearing. (ECF No. 8-8 at 3). At that hearing, the immigration judge determined that Petitioner was held pursuant to 8 U.S.C. § 1226(a), and granted Petitioner bond in the amount of $50,000. (ECF No. 8-8 at 3). Apparently unable to pay that bond, Petitioner thereafter sought a bond redetermination, and the immigration judge lowered his bond to $22,500 in August 2014. (ECF No. 8-8 at 3). Petitioner appealed, and the Board of Immigration Appeals affirmed that bond amount. (ECF No. 8-8 at 3).

As he was still unable to pay this bond amount, and because he otherwise believed he was then in custody based solely on his conviction, which was still on direct appeal at the time, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his § 1226(a) detention in December 2014. (Docket No. 14-7951, ECF No. 1). On March 31, 2015, in lieu of a response to that petition, the Government filed with this Court a joint stipulation of dismissal in which the Government and Petitioner agreed to lower Petitioner's bond amount to an amount he could afford, and in exchange Petitioner agreed to the dismissal of his habeas petition as moot. (Docket No. 14-7951, ECF No. 7). This Court granted that joint request for a dismissal that same day. (Docket No. 14-7951, ECF No. 8). On April 7, 2015, Petitioner appeared for a new bond hearing, during which the Government, pursuant to the joint stipulation, agreed to a lower bond amount of $2,000. (ECF No. 8-8 at 4). Petitioner paid that amount and was released on bond. (ECF No. 8-8 at 4). Petitioner remained on bond thereafter until April 2018.

While Petitioner was released on bond, his direct appeal of his conviction proceeded. On November 19, 2015, however, the Second Circuit affirmed Petitioner's conviction. *United States v. Ojo*, 630 F. App'x 83 (2d Cir. 2015). Petitioner thereafter sought review from the Supreme Court, but his petition for certiorari was denied on March 21, 2016. *Ojo v. United States*, 136 S. Ct. 1473 (2016). Petitioner's fraud conviction therefore became final for immigration purposes in March 2016.

Petitioner's immigration proceedings thereafter continued. On April 12, 2018, however, following a hearing in Petitioner's case, the Government amended its charges of removability against Petitioner to include several charges based on his now final fraud

2

> convictions. (ECF No. 8-2 at 4). Based on that same final conviction, Petitioner was once again taken into immigration detention that same date, albeit this time pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). (ECF No. 8-2 at 4). Petitioner thereafter appeared for another custody hearing in June 2018, which resulted in bond being denied as an immigration judge determined that Petitioner was subject to mandatory detention pursuant to § 1226(c). (ECF No. 8-19). Petitioner has remained detained since that time, and his removal proceedings are ongoing.

(ECF No. 16 at 1–3).

## II. **LEGAL STANDARD**

The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. Oct. 18, 2011) (citations and quotation marks omitted).

## III. ANALYSIS

### A. Stipulation of Dismissal

In his first set of claims, Petitioner reasserts his argument that the joint stipulation of dismissal in his previous habeas matter should be binding upon his current habeas petition and should prevent him from being taken into custody under § 1226(c). (ECF No. 19-1 at 2-3). Petitioner bases this assertion on his apparent misunderstanding of the change in circumstances of the basis for his detention. In his motion, Petitioner asserts first that his previous habeas petition, filed when Petitioner was detained pursuant to the Government's discretionary detention authority under § 1226(a), actually challenged his current period of mandatory detention under § 1226(c). (ECF No. 19-1 at 2-3). For obvious reasons, because Petitioner was detained pursuant to § 1226(a) during the time when his previous petition was litigated, it could not have challenged Petitioner's mandatory detention pursuant to § 1226(c) as no such detention then existed. Likewise, the joint stipulation of dismissal could only have applied to Petitioner's § 1226(a) detention as noted in the Court's previous opinion because that was the only form of detention to which Petitioner was subject at the time the stipulation of dismissal was entered, and because the Government has no authority to agree to a bond amount under § 1226(c). This Court thus did not overlook any relevant fact in determining that the joint stipulation of dismissal applied only to Petitioner's § 1226(a) detention and that the stipulation has no effect upon Petitioner's current period of mandatory detention.[1]

---

[1] Petitioner's reliance on an order of this Court denying him pro bono counsel is misplaced. Although this Court stated in that order that Petitioner's previous habeas petition challenged Petitioner's mandatory detention pending removal, that statement was not a final determination of the Court but rather a characterization of the argument Petitioner had presented based on the incomplete factual background then available. (*See* Docket No. 14-7951, ECF No. 2). As explained in this Court's prior opinion, Petitioner was clearly subject to § 1226(a) detention at

Petitioner also contends that this Court overlooked his argument that his previous petition, filed when he was subject only to discretionary detention, was not moot and should control his current period of mandatory detention. (ECF No. 19-1 at 3–6). Petitioner's argument ignores the fact that he himself agreed that his previous petition was moot in light of his having been given a lower bond amount which resulted in his release on bond from discretionary detention, a point this Court specifically noted in its previous opinion denying Petitioner's habeas petition. (*See* ECF No. 16 at 4). Thus, Petitioner is foreclosed from now arguing that his previous petition is not moot by his own stipulation of dismissal. In any event, whether or not Petitioner's prior challenge is moot is immaterial, as the joint stipulation of dismissal did not foreclose Petitioner's re-detention under a different statutory authority following a change in circumstances, and could not have controlled through silence mandatory detention which at the time did not exist. This Court thus did not overlook or ignore any relevant factual or legal issue in finding that the joint stipulation of dismissal has no effect upon Petitioner's current detention, and relief under Rule 59(e) is not appropriate on that basis.

### B. Employment Authorization

Petitioner next contends that this Court's denial of habeas relief ignored an argument which he raised for the first time in his reply brief that the Government and immigration courts should be foreclosed from finding that he was subject to an aggravated felony conviction because they issued him a work authorization to which he should not have been entitled because of his aggravated felony conviction. (ECF No. 19-1 at 7). Petitioner contends that the issuance of the authorization

---

the time of his previous petition, and that petition thus could not have challenged his current period of detention under § 1226(c).

should amount to a decision on the merits by the Government that Petitioner does not have an aggravated felony conviction, and that the Government should therefore be collaterally estopped from arguing that Petitioner has such a conviction for removal proceedings. (ECF No. 19-1 at 7). Because this argument was raised for the first time in reply, this Court was not required to consider it in deciding Petitioner's habeas petition. *See Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (party may not raise new factual or legal issues for the first time in reply brief, and court need not consider any claim so raised). That the Court did not discuss or dwell on that argument in denying relief is thus no basis for relief under Rule 59(e).

Even were this Court to consider Petitioner's argument, however, it must fail. As Petitioner himself admits, issue preclusion based on collateral estoppel is appropriate only where an identical issue was decided in a prior adjudication, there was a final judgment on the merits, the party against whom the bar is asserted was a party or in privity to a party in the prior matter, and the parry against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *See, e.g., Bd. Of Trustees of Trucking Empls. Of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992). Petitioner relies only upon the alleged issuance of an employment authorization. He does not allege that the issue was actually *litigated* or actually considered when the authorization was issued. Nothing Petitioner has submitted proves that the Government considered and ultimately decided Petitioner was not guilty of an aggravated felony when the authorization was issued. Thus, it is not clear that an identical issue was decided in issuing the authorization, and this Court has no basis to conclude that there was a full and fair opportunity to litigate the issue when the authorization was issued. Collateral estoppel is inappropriate, and Petitioner's argument on that basis presents no valid basis for reconsideration under Rule 59(e).

### C. Loss Amount

Petitioner next retreads his arguments regarding loss amount and argues that this Court should not have found his conviction to be for an aggravated felony because he contends his loss amount was less than the necessary $10,000. (ECF No. 19-1 at 7–8). As this Court previously explained:

> The Third Circuit has held that wire fraud, the crime of which Petitioner was convicted of conspiring to commit, "clearly involves fraud or deceit" and thus "qualifies as an aggravated felony if the loss to the victim or victims exceeds $10,000." *Doe v. Att'y Gen.*, 659 F.3d 266, 274–75 (3d Cir. 2011) (internal quotations omitted). As Petitioner has a final conviction for conspiracy to commit wire fraud that included a loss amount of over $80,000, *see Ojo*, 630 F. App'x at 86 ("the evidence [at Petitioner's trial] established a loss of approximately $80,000"), he has a qualifying aggravated felony and was thus subject to detention pursuant to § 1226(c).

(ECF No. 16 at 5). Thus, on direct appeal, the Appellate Court directly found that Petitioner's crime caused a loss amount of over 80,000 based on the evidence presented at trial. Petitioner has failed to present any information sufficient to overcome that finding, and Petitioner's conviction was therefore an aggravated felony which subjected him to mandatory detention once it became final. This Court did not overlook any dispositive issue of fact or law, and Petitioner's loss amount argument thus provides no valid basis for reconsideration.

* * *

This Court has considered all relevant legal and factual issues raised by the parties in denying Petitioner's habeas petition, and Petitioner has failed to show that this Court overlooked any dispositive facts or issues. Petitioner has thus failed to show any basis for reconsideration under Rule 59(e), and his motion must be denied.

## IV. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's Rule 59(e) motion. An appropriate Order follows.

JOSE L. LINARES,
Chief Judge, United States District Court