NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OLUKAYODE D.O., | : | |
| | : | Civil Action No. 18-8725 (JMV) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| ORLANDO RODRIGUEZ, | : | |
| Respondent. | : | |

**VAZQUEZ, District Judge:**

Presently pending before the Court is Petitioner Olukayode D.O.'s[1] ("Petitioner") motion to set aside the Court's November 19, 2018, February 11, 2019, and March 20, 2019 judgments (D.E. Nos. 16-17, 27-28, 31), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. No. 36). For the reasons detailed below, his motion is denied.

**I.     Background**

In this Court's November 19, 2018, opinion denying Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, the Court summarized the background of this matter as follows:

> Petitioner is a native and citizen of Nigeria who entered the United States on a non-immigrant visa in October 2010. (Document 2 attached to ECF No. 8 at 3). Although Petitioner was authorized to remain in the United States only until April 2011, he did not leave when that authorization expired. (*Id.*). During this

---

1 Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

period of overstay, in July 2011, Petitioner was arrested on wire fraud charges. (*Id.*). These charges resulted in Petitioner's February 27, 2014, conviction for conspiracy to commit wire fraud and conspiracy to possess with intent to use unlawfully five or more false ID documents in the Eastern District of New York. (*Id.*). While Petitioner's appeal of that conviction was pending, and thus while his conviction was not yet final for immigration purposes, *see Orabi v. Att'y Gen.*, 738 F.3d 535, 542 (3d Cir. 2014) (conviction not final for immigration purposes until direct appeal concluded), Petitioner was taken into immigration custody on March 14, 2014, and placed into removal proceedings based on his overstaying his visa. (*Id.*).

On May 7, 2014, Petitioner appeared before an immigration judge for a bond hearing. (Document 8 attached to ECF No. 8 at 3). At that hearing, the immigration judge determined that Petitioner was held pursuant to 8 U.S.C. § 1226(a), and granted Petitioner bond in the amount of $50,000. (*Id.*). Apparently unable to pay that bond, Petitioner thereafter sought a bond redetermination, and the immigration judge lowered his bond to $22,500 in August 2014. (*Id.*). Petitioner appealed, and the Board of Immigration Appeals affirmed that bond amount. (*Id.*).

As he was still unable to pay this bond amount, and because he otherwise believed he was then in custody based solely on his conviction, which was still on direct appeal at the time, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his § 1226(a) detention in December 2014. (Docket No. 14-7951 at ECF No. 1). On March 31, 2015, in lieu of a response to that petition, the Government filed with this Court a joint stipulation of dismissal in which the Government and Petitioner agreed to lower Petitioner's bond amount to an amount he could afford, and in exchange Petitioner agreed to the dismissal of his habeas petition as moot. (Docket No. 14-7951 at ECF No. 7). This Court granted that joint request for a dismissal that same day. (Docket No. 14-7951 at ECF No. 8). On April 7, 2015, Petitioner appeared for a new bond hearing, during which the Government, pursuant to the joint stipulation, agreed to a lower bond amount of $2000. (Document 8 attached to ECF No. 8 at 4). Petitioner paid that amount and was released on bond. (*Id.*). Petitioner remained on bond thereafter until April 2018.

While Petitioner was released on bond, his direct appeal of his conviction proceeded. On November 19, 2015, however, the Second Circuit affirmed Petitioner's conviction. *United States v.*

> *O.*, 630 F. App'x 83 (2015). Petitioner thereafter sought review from the Supreme Court, but his petition for certiorari was denied on March 21, 2016. *O. v. United States*, 136 S. Ct. 1473 (2016). Petitioner's fraud conviction therefore became final for immigration purposes in March 2016.
>
> Petitioner's immigration proceedings thereafter continued. On April 12, 2018, however, following a hearing in Petitioner's case, the Government amended its charges of removability against Petitioner to include several charges based on his now final fraud convictions. (Document 2 attached to ECF No. 8 at 4). Based on that same final conviction, Petitioner was once again taken into immigration detention that same date, albeit this time pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). (*Id.*). Petitioner thereafter appeared for another custody hearing in June 2018, which resulted in bond being denied as an immigration judge determined that Petitioner was subject to mandatory detention pursuant to § 1226(c). (Document 19 attached to ECF No. 8). Petitioner has remained detained since that time, and his removal proceedings are ongoing.

(D.E. No. 16 at 1-3).

Petitioner, who continues to be an immigration detainee being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Bergen County Correctional Facility in Hackensack, New Jersey filed his initial Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending removal on May 3, 2018. (D.E. No. 1). The Court[2] issued an order and opinion denying relief on November 19, 2018. (D.E. Nos. 16-17). Petitioner subsequently filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.1 on December 26, 2018. (D.E. No. 19). The Court denied the motion on February 11, 2019. (D.E. Nos. 27-28). Petitioner then filed a motion for reconsideration of the Court's February 22, 2019, order pursuant

---

2 Retired Former Chief Judge Jose L. Linares presided over this matter and issued all prior judgments. The case was reassigned to the undersigned on September 30, 2019. (D.E. No. 37).

to Rule 59(e) of the Federal Rules of Civil Procedure, which the Court denied on March 20, 2019. (D.E. No. 31).

## II. LEGAL STANDARD

At the outset, the Court acknowledges that although Petitioner has filed a notice of appeal (D.E. No. 35), in relation to the Court's previous judgments, the Court has jurisdiction to adjudicate the instant Rule 60(b) motion. *See Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985).

Rule 60(b)(3), (4), and (6) permit a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if an opposing party committed "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct;" if "the judgment is void;" or for "any other reason that justifies relief," respectively. Fed. R. Civ. P. 60(b)(3)-(4), (6). Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

"To show fraud on the court, a party must show: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' " such as bribery of a judge or fabrication of evidence by counsel, but not perjury by a witness. *Id.* at 386–87, 390.

## III. DISCUSSION

Here, Petitioner submits that the government committed fraud when Attorney Christina Greer of the U.S. Department of Justice made misrepresentations and omitted relevant facts before this Court in its answer to Petitioner's section 2241 petition. (D.E. No. 36 at 2). He argues that the Court relied on these representations to deny Petitioner relief in its prior orders, dated November 19, 2018, February 11, 2019, and March 20, 2019. More specifically, he submits that the government, through its representative, Ms. Greer, misrepresented when his February 27, 2014,

4

judgment of conviction had become final for immigration purposes. (*Id.* at 2-3). He further submits that the government relied on the finality of his criminal conviction in order to violate a joint stipulation and order of dismissal that the parties entered into in March 2015. (*Id.* at 6). In support of his motion, Petitioner relies on several exhibits, one of which is a recently obtained transcript form his March 23, 2015, removal proceedings in the United States Immigration Court. (D.E. No. 36-2 at 2-53).

It appears that Petitioner has expanded the contours of the joint stipulation and order of dismissal of a prior habeas petition that he entered into with the United States Attorney's Office for the District of New Jersey. Most of his arguments are based on what he perceives are violations of the agreement.[3] For clarity's sake, the stipulation and order of dismissal is quoted below in its entirety:

> Whereas, on March 23, 2015, Assistant Chief Counsel of the Department of Homeland Security agreed to stipulate to redetermination of bond in Immigration Court to an amount that Mr. O.'s family can afford.
>
> Whereas, in light of that agreement, the issues raised in Mr. O.'s pending petition for Habeas Corpus are moot.
>
> It is hereby stipulated and agreed by and between the parties that Mr. O.'s Petition for Writ of Habeas Corpus be dismissed pursuant to Federal Rules of Civil Procedure 41(a)(1).

(ECF No. 36-2 at 84).

The underlying flaw in Petitioner's arguments in the instant motion is that he incorrectly asserts that the aforementioned joint stipulation somehow rendered him invincible to any further immigration-related consequences as a result of his wire fraud conviction. To the contrary, the

---

3 Petitioner unsuccessfully made similar arguments about violations of the joint stipulation and order of dismissal, in his denied section 2241 habeas petition before this Court.

joint stipulation and order only relates to Petitioner's detention status while he was in custody pursuant to 8 U.S.C. § 1226(a). However, merely less than a month after the stipulation was entered into, Petitioner was released from immigration custody as a detainee under 8 U.S.C. § 1226(a). He subsequently went back into immigration custody under 8 U.S.C. § 1226(c) as a result of his criminal conviction.

Even if there was any merit to Petitioner's claim that the government misrepresented when his criminal conviction became final for immigration purposes, he has not explained what impact this representation had on his current status as a detainee pursuant to 8 U.S.C. § 1226(c). The relevant time period for purposes of this Court's due process violation determination was the period after Petitioner went into custody pursuant to 8 U.S.C. § 1226(c).

Therefore, not only has Petitioner not demonstrated that the opposing party committed any fraud or even made misrepresentations to the Court, but he has not established a nexus between the alleged fraud and the Court's denial of habeas relief and subsequent motion denials. Petitioner's instant motion is therefore denied.

To the extent that Petitioner wishes to challenge his current detention, he is free to file a new habeas petition pursuant to section 2241 in this Court.

An appropriate order follows.

Dated: 3/2/2020

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge